CRISTOBAL MORALES, Plaintiff and Appellant, *v.* P. GONZÁLEZ & Co., LTD., and PEDRO GONZÁLEZ Y GONZÁLEZ, Defendants and Appellees.

No. 3890.—Argued June 8, 1926.—Decided July 16, 1926.

*F. Soto Gras* for the appellant. *José Martínez Dávila* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Cristóbal Morales brought an action against P. Gonzá-

lez & Co., Ltd., and Pedro González for the recovery of money. Defendant Pedro González is the managing partner of his co-defendant, P. González & Co., Ltd.

The defendants demurred to the complaint on various grounds, among them being misjoinder of parties defendant for the reason that as the contract sued on was entered into between the plaintiff and P. González & Co., Ltd., no action lies against its managing partner, Pedro González, because he could be held liable only in case the partnership could not meet its liabilities.

The court sustained the demurrer on the ground of misjoinder of parties defendant. Judgment was entered at the instance of the plaintiff who then took this appeal.

In our opinion the court below erred. Plaintiff interpreted perfectly the scope of this court's decision in the case of *Successors of M. Lamadrid & Co.* v. *Torrens, Martorell & Co. et al.,* 28 P.R.R. 824, and included in his complaint the partnership and a partner. He should have been more precise in the prayer of his complaint, but this is not important.

The syllabus of the case cited reads as follows:

"A member of a mercantile partnership is considered, for all practical purposes, as a joint debtor with the partnership, and may therefore be included as a defendant in an action of debt against the partnership; and in order to reserve his right to excussion granted by section 237 of the Code of Commerce, it will be sufficient if the judgment provides that the private property of the defendant partner shall be levied on and sold in execution of the judgment only in the event that the marshal returns the writ stating that no property of the partnership had been found or that the property levied upon was not sufficient to satisfy the judgment."

It is true that the facts in the *Lamadrid Case, supra,* were somewhat different, but the ample discussion of the principles involved and the analysis of the law and of the Philippines decisions contained in the opinion clearly establish the criterion of the court in the sense that from the beginning

the action should be brought against the partnership and against the partner in order to avoid future complications, difficulties or delays. It is true that the judgment could not be executed on the private property of the partnership members, except after an excussion of the assets of the partnership, but when the judgment is so rendered the whole question is decided at once, nobody being prejudiced thereby or anyone's rights being infringed, and the marshal can go on with the execution to the end, if necessary, under the court's instructions.

The judgment appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

#### DISSENTING OPINION OF MR. JUSTICE WOLF.

The reasons for my dissent were given in the case of *Successors of M. Lamadrid & Co.* v. *Torrens, Martorell & Co.* 28 P.R.R. 840. The court does not say why section 1600 of the Civil Code is not applicable and it seems to me that the said section makes it even clearer that a cause of action does not arise against an individual partner until discussion has been had against the firm.